United States District Court
Southern District of Texas
ENTERED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## - BROWNSVILLE DIVISION -

AUG 0 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DAVID GARCIA-BALBOA, | § | |
| Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-00-057 |
| VS. | § | |
| | § | CRIMINAL NO. B-98-547-01 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

David Garcia-Balboa ("Garcia") has filed a petition (Docket No. 1) pursuant to 28 U.S.C. § 2255 seeking to have his seventy month sentence for violation of 8 U.S.C. § 1326(b) set aside on the grounds that his counsel was ineffective. The government has filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (Docket No. 6) which for the reasons set forth below should be granted.

## BACKGROUND

According to the uncontroverted facts in this case, Garcia was arrested at the Gateway International Bridge in Brownsville, Texas on October 11,1998. He was attempting to enter this country as a returning resident alien. A record check showed that he had been deported because of a drug conviction.

He was indicted. On December 3, 1998, he pled guilty to the charges against him and was sentenced to seventy months confinement. He had two prior narcotics convictions, one state and one federal. He appealed. An *Anders* brief was filed on his behalf, and the Fifth Circuit dismissed his appeal as frivolous on November 11, 1999, *United States v. Garcia-Balboa*, 202

F.3d 265 (5th Cir. 1999).

## THE § 2255 PETITION

Garcia's petition raises three points all of which are predicated on his claim that the government did not comply with the terms of the Vienna Convention.

## RECOMMENDATION

Garcia's complaint is belied by the facts of this case. Government Exhibit A attached to the Government's Motion to Dismiss contains a document titled "Record of Deportable/Inadmissable Alien which reflect that at the time of his arrest, Garcia was asked if he wished to speak to a Mexican Consular officer and he said that he did.

Assuming that this entry is false and that in fact Garcia was not advised of his right to consult with a Mexican Consular official, Garcia is still not entitled to habeas relief. He makes no showing as to how his rights were prejudiced by failing to consult with his country's representative.

Without a showing that the failure to advise of a right to consult with a consular official somehow effected the results of a trial, Garcia simply has no claim to habeas relief. *Breard v. Greene*, 118 S. Ct. 1352 (1998): *Faulder v. Johnson*, 81 F.3d 515, 520 (5th Cir. 1996); *Flores v. Johnson*, 210 F.3d 456, 458 (5th Cir. 2000).

Additionally, the Vienna Convention does not create a constitutional right. *Murphy v. Netherland*, 116 F.3rd 97, 99-100 (4th Cir. 1997).

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that David Garcia-Balboa's Habeas Petition be **DISMISSED**.

2

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 1st day of August, 2000.

John Wm. Black
United States Magistrate Judge

3

CMPDF - www.texisi.com