IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 0 2000

Michael N. Milby
Clerk of Court

IN THE CAUSE OF:
    DAVID GARCIA-BALBOA     *    USDC: B-00-CA-057
    PETITIONER-APPELLANT   *    CRIM: NO: B-98-547-01
                                       *    MOTION FOR C.O.A.: AND
VS                                    *    NOTICE OF APPEAL.
                                       *    UNDER F.R.C.P./ AND
UNITED STATES OF AMERICA  *    LOCAL RULE OF THIS COURT
RESPONDANT-APPELLEES    * 

Comes now the petitioner, David Garcia-Balboa, pro se, in request of C.O.A. And notice of appeal of District Court final judgement, on the basis of the Due Process, Procedural Clause, and the Equal-Protection, to all whom as similarly situated under the 5th. & 14th Amendments guarantee of an accused rights to due process of law.

Petitioner asks the Court for a liberal construction of the Constitutional requirement of Subject-Matter element of the 6th Amendment of Notice required"(To consult with Consular of Mexican Republic when arrested)" is a guaranteed right afforded by the Vienna Convention Treaty to all foreign national's lawful rights.

A mandate by the Congressional and Presidential authority under Our nation's Supremecy Clause of the U.S. Constitution.

1

The meaning of 'Constitutional Supremacy' would give the meaning that the defendant's rights is to speak to an Mexican Consular, and this is 'NOT WAIVERABLE' by the Constitution of the Vienna Convention Clause to the or "[a]" Foreign National.

## ARGUMENT I.

[Whether the involvement of Counsular officials can effect the course of legal proceedings in myriad ways.]

A denial of the right to Counsular's access, as with other structural defect, is the type of error that defines any meaningful harmful error review.

For the government to be free to ignore its own Congress and the Mandate of international treaties signed by it's own President:

As the Fourth Circuit Appellate Court warned in:

case law, Beard v. Pruett;

> "The protections afforded by the Vienna Convention go far beyond [this] case. United States Citizens are scattered about the world as missionaries. Peace Corps Volunteers, doctors, teachers and students as travelers for business and for pleasure. Their freedom and safety are seriously endangered if state officials "fail to honor THE VIENNA CONVENTION" and other nations follow their example. Public Officials should bear in mind that 'international law is founded upon mutuality and reciprocity...'." id[134F3d. 615 (4th Cir. 1998)(Butzner, J., Concurring)(Citations ommitted)]

A reading of both Appeal at Fifth Cir., and §2255 response by Magistrate findings and recommendation, shows that the Constitutionality of this claim, was not reviewed, under the harmless, or plain error standard. The Arresting Agency and the district court further ignored the facts of the Vienna Convention Treaty to an foreign national. "under Chapman, Federal law requires reversal of a ...conviction involving a constitutional violation that is 'NOT HARMLESS ERROR', beyond a reasonable doubt." id123 L.Ed 2d at 378 Citing <u>CHAPMAN VS. CALIFORNIA</u> 386. U.S. 18, 17L.Ed. 2d. 705. 87 Supreme Court 824(1967); "has standing to seek a remedy based on the violation of his Consulate Notification Rights" <u>U.S. VS. TORRES DEL MURO</u>, 58 F.Supp. 2d. 931 at 933 (7th. Cir 1999). This is accordance with Fifth Circuit's Appellate Court's stance that "...in any particular case in which the system fails...it is the court's duty to supply releif." id <u>WALKER VS CALDWELL</u>, 476 F2d. 213, at 219(1973)

## ARGUMENT II

Does 2L1.2(b)(1) has jurisdiction effect under the 5th and 14th Amendments, "Without a Constitutional Enhancement Statute to trigger 16pts level enhancement. WITHOUT NOTICE as required by the 6th Amendment and [or] charged in the indictment.

In Supreme Court decision June 26, 2000. Apprendi; IN light of constitutional rule expressed; (CANNOT STAND)" a jury to convict a defendant of a second-degree offense on its finding

3

beyond a reasonable doubt, and then allows a judge to impose punishment identical to that "..." provides for first degree crimes on his findings, by a preponderance of the evidence," id Apprendi at (Vol.67 No.13). "element","sentencing factors" the court said that it is more than a disagreement rule applied to cases. Beyond this, the argument cannot suceed on its own terms. It does not matter how the required finding is labeled, but whether it exposes the defendant to a greater punishment than that authorized by the jury's verdict, as does the sentencing "enhancement" here. id 159 N.J. 7, 731 A2d 485, reversed and remanded. Cited in Apprendi at 485.

Apprendi, supra. "The court holds that legislature cannot enact such legislation (Where an increase in the maximum is involved) unless the factor at issue has been charged, tried to a jury and found to exist beyond a reasonable doubt."

As to the Court's record of the indictment, it only charged; 8 USC §1326 (B), which only calls for 8pt. offense level, under USSG 2L1.2.

The constitutional violation occured when the Court proceeded to the 16pts. level enhancement, <u>without NOTICE prior plea agreement</u>, as demanded by the 6th Amendment of the Constitution, and not charged in the indictment. Which is a violation of the Procedural Clause, of the 5th and 14th Ammendments Due Process, Rights Guaranteed. The 8 USC §1326 statute does not charge beyond the 8pt. level.

Federal judges must apply those guidelines in typical cases,

4

these cases that lie in the heartland for the crime charged by that statute as defined in the indictment"only"

USSG §2L1.2 was not defined by the 18 USCA, as an ENHANCE-MENT STATUTE, independently, within the sentencing range set by individuality of the constitutional statute [18 USCA].

The 18 USCA defines Crimes of Violence, "Aggravated felony" was not, and is not, mandate to drug possession, conspiracy drug controlled substances, Drug distribution.

The only reference that an accused will have to accept this statute to defined a Aggravated felony is when the drug crime is illicit trafficking in a controlled substance is only when a fire-arm, is employed during the commission of the crime defined only by 18 USC §924(c), is the "element", "Aggravated felony", to enhance the accused's sentence, as the Subject-Matter, "sent-encing factor,".

If not it has to be charged in the indictment and found be-yond reasonable doubt, by a jury (Grand Jury), that the Aggravated Offense, the prior Conviction, was in fact an Aggravated felony, or has the sentencing factor element, of crime of violence, de-fined by [18 USCA] 18 USC §924(c), or under 8 USC §1326, to be a crime of violence, and review under 21 USC §801, et seq:

For this court to conclude that the 2L1.2 16-point en-hancement, is unconstitutional without being charged in an in-dictment, a judiciary review of this enhancement sentencing guideline is warranted, as it creates serverer punishment to an

accused's guideline sentence.

## ARGUMENT III

### INEFFECTIVE DEFENSE COUNSEL VIOLATION

In this case at bar. See Government and Probation Officer's P.S.R. indicated on Appellant's Appeal brief NO:99-40274 Fifth Cir. at pg#26: to establish Criminal History V. The defense counsel was ineffective for not challenging the factor of prior convictions. We ask the court to review, at 1), 10-31-85. driving while intoxicated. P.S.R. #20, zero points: at 2) 3-17-96. driving while intoxicated P.S.R. #21, zero points; at 3) 9-11-89. driving while intoxicated, at one point; this sentence was for 12 months probation.

Whereby Defense counsel was ineffective not to challenge these statements of facts, under the constitution.

1) Counsel, offered no compound argument, to the Vienna Convention,

2) Counselor did not argue 2L1.2(b)(1)(A) being unconstitutional, as argued pro se.

3) Counselor did not argue that the one point given was error at, pg.#26, Appellant's Appeal brief, issue #3, driving while intoxicated, and should not have been counted in the Criminal History Category, changing category from IV to V, by the one point, giving a harsher sentence.

For these accumulative errors, counsel was defective in his

6

deficient performance, not investigating the issue strongest for direct appeal. The Supreme Court has discussed the duties of counsel during direct appeal. "In preparing and evaluating the case and advising the client as to the prospects for success, counsel must consistently serve the Client's interest to the best of his/her ability" id <u>McCoy vs. Court of Appeals of Wisconsin Dist 1</u>, 108 S.Ct. 1895, 1902 (1988). also "to search for the strongest arguments possible, and 'must be zealous and must resolve all doubts and ambigous legal questions in favor of his/her client' ". McCoy supra at 1905.

Counselor's performance was deficient on direct appeal for failure to adequately argue the sufficiency of the evidence. Additionally, prejudice was further heightened by Counsel's failure to raise this issue at district court level. Had Counsel argued these issues adequately on direct appeal Petitioner case would have been reversed and indictment dismissed. id <u>Douglas vs. California</u>, 372 U.S. 353 (1963).

Counsel's failure to raise all issues listed in this motion, requesting C.O.A. to the Appeals Court " the circumstances surrounding Petitioner's case there, is a reasonable probability that, had counsel performance at an objectively reasonable standard, the results of the proceeding, would have been different. As petitioner previously submitted, Counsel's action or lack there of interest and investigations, satisfies the Strickland's, Two Prong Test of Cause and Prejudice, thus giving the court demonstration, of a substantial showing of a prima facie, that for

7

Counsel's ineffectiveness, a fundamental defect which inherently resulted in a course of definite miscarriage of justice.

Under the auspecies of Title 28 USC §2253(c)(1), and Federal Rules of Appellate Procedures (22)(b) and files this "NOTICE OF APPEALS, AND APPLICATION" for a Certificate of Appealibility seeking this Honorable Court to grant petetioner the right to proceed on appeal on all issues here within.

Under <u>Barefoot vs. Estelle</u>, 463 US 880, 883 (1983) because these issues "are debatable among jurists of reasons, are such that a Court could resolve the issues differently" id. See <u>Coleman vs. Thompson</u>,     US    ,111 S.Ct. 2546, 2565, 115 L.Ed. 2d. 640 (1991). Therefore petitioner requests, that this conviction, and sentence, be set aside or vacated.

To be reviewed under <u>Briggs vs. U.S.</u>, -(5th Cir.)- Evidentiary Hearing on the issues set forth within this motion for C.O.A.

Petitioner prays that the Honorable Court grant his requested relief, or resentence him to, Criminal History Category IV Level 8, guideline range 10-16 months, as the at, or near, maximum sentence.

May it so be ordered.

Respectfully Submitted

David Garcia-Balboa
USM # 69658-079
Fed. Corr. Inst.
1900 Simler Ave.
Big Spring, TX 79720

8

## CERTIFICATE OF MAILING

I David Garcia-Balboa, under the penalty of perjury have placed one (1) copy of this legal accumen to Asst. U.S. Attorney Oscar Ponce. 1036 E. Levee St., Brownsville, TX 78520. This is true and correct.

Submitted By

*David Garcia*
David Garcia-Balboa

### ADDENDUM.

UNDER, the mail box rule citing **Lack v. Houston 487 US 266 (1988)** this legal acumen was mailed on the 9-23-00, at the FCI Big Spring Tx. mail box, pursuant, to 28 USC § 1746, and under the penalty of perjury.

David Garcia-Balboa.

*David Garcia*